FILED

**U.S. DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2016 NOV 10 PM 3: 45

CLERK, US ...
MIDDLE DISTRICT OF FLO...
JACKSONVILLE DISTRICT

CASE NO.:

3:16 CV 1427-J-32-MCR

SHIRLEY A. JONES,

       Plaintiff,

v.

DAVID A. MCDOWELL AND H & S CAR
CARRIERS,

       Defendant.

_____/

## NOTICE OF REMOVAL

Defendants, DAVID A. MCDOWELL and H & S CAR CARRIERS, hereby give Notice of Removal of the above captioned action from the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Jacksonville Division, and respectfully represent as follows:

    1.    On or about October 12, 2016, a Complaint was served on Defendants, H& S Car Carriers and David A. McDowell. The civil action entitled *Shirley A. Jones v. David A. McDowell and H & S Car Carriers*, was commenced in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, and assigned Case No.: 16-2016-CA-006270. This action was filed in the Duval County Circuit Court on September 28, 2016. (A copy of the Complaint, as well as all other materials contained within the underlying State Court file, are attached hereto as Exhibit "A").

2.     This action is properly removable pursuant to 28 U.S.C. § 1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. § 1446(b).

3.     Based on information in Plaintiff's Summons and Complaint, there is complete diversity of citizenship between the parties to this cause.  As admitted in Plaintiff's Complaint, she is a citizen of the State of Florida.  Defendant David McDowell resides in, and is a citizen of, the State of Georgia. (Plaintiff's Complaint, paragraph 3). Defendant H & S Car Carriers is a Georgia Corporation. (Plaintiff's Complaint, paragraph 4).

4.     This is a purported negligence action brought by the Plaintiff against the Defendants arising from a motor vehicle accident.  As is expressly referenced in her Complaint, Plaintiff is seeking damages in excess of $15,000.00.  (See Complaint, paragraph 1). Further, Plaintiff alleges in her Complaint that she was permanently injured as a result of the negligence of the Defendants.   Plaintiff alleges that she suffered substantial damages including, without limitation:

    a.     Pain and suffering
    b.     Expense of medical care
    c.     Disability
    d.     Mental anguish
    e.     Loss of capacity to enjoy life
    f.     Loss of earnings
    g.     Loss of earning capacity in the future

(See Complaint, paragraph 8).

5.     The Plaintiff contends that her losses are permanent or continuing in nature.  In addition to the general damages claimed by Plaintiff herein, counsel for Defendants has been provided with documents and correspondence sent by Plaintiff's

counsel to Defendants' insurer evidencing incurred medical bills as a result of the accident in an amount in excess of $40,000.00. Plaintiff's counsel has also made written settlement demands to the Defendants' insurer that greatly exceed the jurisdictional threshold set forth in 28 U.S.C. §1332(a). Further, the medical records and bills received to date also indicate that Ms. Jones was 54 years of age at the time of the subject accident. She has undergone medical treatment, including surgery, that she relates to the subject accident and claims the need for ongoing medical care and treatment. Based on the United States Life Tables, Ms. Jones has a life expectancy of approximately 30 years. See, La Rocca v. Stahlheber, 676 F.Supp.2d 1347 at 1350 (S.D. Fla. 2009) (relying on life expectancy of Plaintiff to satisfy amount in controversy). Thus, the amount in controversy exceeds the jurisdictional threshold set forth in 28 U.S.C. §1332(a) of $75,000.00, exclusive of interest and costs.

6.     Since the Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant 28 U.S.C. §1332. As such, this removal action is proper.

7.     Defendants have served the instant Notice of Removal on Plaintiff's counsel. Defendants have also timely filed a Notice of Removal with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

WHEREFORE, Defendants respectfully request that this action now pending in the Fourth Judicial Circuit in and for Duval County, Florida, be removed therefrom to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Respectfully submitted,

COLE, SCOTT & KISSANE, P.A.

*/s/ Steven L. Worley, Esq.*
Steven L. Worley, Esq.
Florida Bar No.: 0159719
4686 Sunbeam Road
Jacksonville, Florida  32257
Tel. (904) 672-4000
Fax. (904) 672-4050
Primary email: steven.worley@csklegal.com
Secondary email: april.jarvis@csklegal.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __10__ day of November, 2016, the foregoing document was filed with the Clerk of the Court via hand delivery and that a true and correct copy was sent via U.S. Mail to Donny Owens, Esq., Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, FL 32202.

*/s/ Steven L. Worley, Esq.*
Attorney